5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Gary MATTHEWS, Plaintiff-Appellant,
v.
Don SAMUELS, Lincoln County Sheriff's Dept., Defendants-Appellees.
 No. 92-2234.
 United States Court of Appeals, Tenth Circuit.
 Aug. 23, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing with prejudice a complaint filed by pro se appellant Matthews, a prisoner at the Lincoln County Sheriff's Department ("Sheriff's Department"), against the Sheriff's Department and Sheriff Samuels. Matthews' original complaint alleged the violation of his constitutional rights based on allegations that the Sheriff's Department and various Sheriff's Department officials were deliberately indifferent to his need for medical treatment for back pain. Plaintiff requested both prospective relief and money damages.
 
 
 3
 On August 6, 1992, the district court dismissed the original complaint without prejudice on the grounds that the complaint failed to state claims that would entitle him to relief. Construing the pro se pleadings liberally, the district court found that appellant had failed to allege any facts that would support an inference that either a Sheriff's Department custom or policy or Sheriff Samuels personally deprived him of his constitutional rights. The court, however, granted appellant thirty days to amend the complaint to address the deficiencies cited. Plaintiff failed to amend the complaint during the thirty-day period. Thus, on October 1, 1992, the district court dismissed the complaint with prejudice.
 
 
 4
 "[T]he sufficiency of a complaint is a question of law which we review de novo." Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990). "Allegations in the plaintiff's complaint are presumed true. The complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief. We construe a pro se litigant's pleadings liberally" Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991) (citations omitted). After reviewing the complaint, we agree with the district court that, construing appellant's pleadings liberally, the facts alleged cannot support the claims proffered. Appellant did not cure the deficiencies within the time prescribed and demonstrated no interest in supplying the necessary factual support. The order of the district court dismissing the complaint is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3