**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

LEROY W. BAKER,

     Plaintiff-Appellant,

v.

JOHN W. SUTHERS, in his official capacity as
Director of the Department of Corrections;
MIKE WILLIAMS, in his official capacity as
Warden of Centennial Correctional Facility;
K.R. GREGG, Captain, in his official capacity;
CHAPLAIN PRATT, in his official capacity as
head of all religious services; TERRESA
REYNOLDS, in her official capacity as head of
the law library and access to court; ALL
OTHER JOHN DOE EMPLOYEES
RESPONSIBLE FOR THE ACTS
COMPLAINED OF IN THIS ACTION,

     Defendants-Appellees.

No. 00-1332
(D. Colo.)
(D.Ct. No. 00-Z-1152)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.
_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Leroy Walter Baker, a state inmate appearing *pro se*, appeals the district court's decision dismissing his civil rights complaint for failure to pay an initial partial filing fee. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Baker filed a *pro se* prisoner's motion and affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in litigating his prisoner's civil rights complaint filed under 42 U.S.C. § 1983. On June 22, 2000, a magistrate judge entered an order granting the § 1915 motion, requiring Mr. Baker to pay the full amount of the $150.00 filing fee in installments, and directing him to pay an initial partial filing fee of $3.00 within thirty days or to show cause why he had no assets or means to pay the initial fee. On July 6, 2000, Mr. Baker filed objections to the magistrate judge's order stating that "[f]or reasons of having to keep up his hygiene and health, Mr. Baker is not able to pay the fee of $3.00 dollars that the court is requesting." On July 13, 2000, the

district court filed an order overruling Mr. Baker's objections, stating Mr. Baker failed "to show cause ... why he has no assets and no means by which to pay the designated initial partial filing fee. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement."

A month later, on August 8, 2000, Mr. Baker filed an uncertified copy of his "Inmate Banking History" in an effort to show cause for his failure to file the initial $3.00 fee. It showed Mr. Baker made two unidentified prison canteen purchases after the magistrate judge issued the June 22, 2000 order requiring Mr. Baker to pay a $3.00 initial partial filing fee. The purchases were for $7.09 on June 27, 2000, and for $9.39 one on July 18, 2000. These two purchases left his balance at $0.74 on July 21, 2000. The district court entered an order dismissing Mr. Baker's § 1983 complaint without prejudice based on his failure to pay the initial partial filing fee of $3.00 or show cause why he had no assets or means to pay the fee.

On appeal, Mr. Baker contends he is indigent and his filing fee, including the initial $3.00 fee, should be waived pursuant to Colorado case law and statutes. In addition, Mr. Baker summarily claims the district court's requirement he pay a fee in order to bring his case to court violates his constitutional rights. Attached

to Mr. Baker's appeal brief is a certified copy of his "Inmate Banking History" for July 1, 2000 to February 23, 2001. It shows Mr. Baker had a balance of $12.14 on August 1, 2000 – seven days before he filed his uncertified "Inmate Banking History" in an effort to show cause for not filing the $3.00 initial fee.

We begin by noting that prior to 1996, 28 U.S.C. § 1915(a) allowed any person without means to commence a lawsuit without prepaying the requisite filing fees. *See In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997). However, "[i]n enacting the [Prison Litigation Reform Act] in 1996, Congress endeavored to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Id.* (quotations marks, alteration, and citations omitted).

While the 1996 Prison Litigation Reform Act is intended to cut down on frivolous lawsuits by requiring prisoners to pay filing fees, we recognize the Act does not prohibit a prisoner from bringing a civil action or appealing a civil judgment when he has *no assets or means* to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (emphasis added); *Walp v. Scott*, 115 F.3d 308, 310 (5th Cir. 1997). However, we are also cognizant that when a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the

prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee. Thus, where a prisoner has the means to pay, failure to pay the initial partial filing fee required by § 1915(b)(1)[1] may result in dismissal of a prisoners's § 1983 action.[2] *See In re Smith*, 114 F.3d at 1251 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). In addition, the Federal Rules of Civil Procedure allow a district court to dismiss an action for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). Accordingly, we review for abuse of discretion the district court's dismissal of Mr. Baker's § 1983 suit for failing to pay an initial partial filing fee in contravention of a court order. *See Mobley v. McCormick*, 40 F.3d 337, 340 & n.1 (10th Cir. 1994).

In determining whether the district court's dismissal of Mr. Baker's complaint amounted to an abuse of discretion, we take instruction from other circuits. In *Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000), the Fifth Circuit

---

[1] The revised version of the 1996 Prison Litigation Reform Act, provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court *shall assess and, when funds exist, collect*, as a partial payment of any court fees required by law, *an initial partial filing fee*." 28 U.S.C. 1915(b)(1) (emphasis added).

[2] Because the Prison Litigation Reform Act and other federal law applies, Mr. Baker's reliance on Colorado law, in claiming a waiver of the filing fee is required, is misplaced.

held:

> If it appears that the prisoner has not complied with the district court's initial partial filing fee order within the applicable time period, the district court should take reasonable steps to ascertain whether the prisoner has complied with the order by allowing objections to a magistrate judge's report, issuing a show-cause order, communicating ... with officials of the custodial institution, issuing an order to the custodial institution, or using any other method designed to obtain the relevant information.

*Id.* at 654 (citations omitted); *see also Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000) (holding "it is an abuse of discretion to dismiss without first firing a warning shot or imposing other lesser sanctions"); *Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (holding "[w]here decreases in a prisoner's account are considered, courts have required that the prisoner be given a reasonable opportunity to explain withdrawals from his account").

In the present case, the magistrate judge determined Mr. Baker should file a $3.00 initial partial filing fee, and put him on notice that if he did not pay the initial fee, he must show cause why he had no assets or means to pay it. Mr. Baker filed objections to the magistrate judge's order, in which he claimed he could not pay the $3.00, but simply attributed his inability to pay on unidentified canteen purchases for "hygiene and health" reasons. The district court filed an order overruling Mr. Baker's objections, instructing Mr. Baker that he failed to show cause why he had no assets or means to pay the initial partial filing fee, and

that to show cause, he must file a current certified copy of his trust fund account statement. Mr. Baker responded by submitting a copy of his "Inmate Banking History," which, if anything, conclusively showed he possessed sufficient means to pay the $3.00 initial partial filing fee, but instead spent more than that amount on each unidentified canteen purchase during the period in question.

In sum, the district court allowed Mr. Baker two opportunities during a forty-seven day period to show cause or explain why he could not pay the $3.00 initial partial filing fee. Although Mr. Baker clearly had the means to pay the initial partial filing fee and was on notice of the requirement to pay the fee, he instead chose to spend his money at the prison canteen for items he failed to specifically identify or explain. Under the circumstances, we cannot say the district court abused its discretion in dismissing Mr. Baker's complaint without prejudice for failure to pay the initial partial filing fee or show a legitimate or acceptable cause for not paying.

In so holding, we recognize the purpose of the Prison Litigation Reform Act is not to deny a prisoner access to the courts, but to require the prisoner to consider whether the merits of his claim are worth the cost of bringing the action, *vis-à-vis* payment of an initial partial filing fee when he has the means to pay it.

We have said "proceeding *in forma pauperis* in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999) (quotation marks, alteration, and citation omitted). Accordingly, the Prison Litigation Reform Act's requirement for paying a minimal initial partial filing fee, followed by small installments until the entire filing fee is paid, does not constitute an unconstitutional denial of access to the court or otherwise violate Mr. Baker's constitutional rights. *See Roller v. Gunn*, 107 F.3d 227, 231-33 (4th Cir.), *cert. denied*, 522 U.S. 874 (1997).

For the foregoing reasons, the district court's Order and Judgment of Dismissal filed August 8, 2000 is **AFFIRMED**. Pursuant to our March 15, 2001 Order, Mr. Baker is reminded of his obligation to continue make partial payments for assessed costs and fees in this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge