**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TIMOTHY JOHN KENNEDY,

Plaintiff-Appellant,

v.

WARDEN REID, C.C.F.;
ASSOCIATE WARDEN FOSHEE,
C.C.F.; PROPERTY SGT. MORRIS,
C.C.F.; MS. LINDSEY, Case Manager
II, C.C.F.; C.O. CORTEZ, C.S.P. Mail
Room Supervisor,

Defendants-Appellees.

No. 06-1075
(D.C. No. 05-CIV-543-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Appellant Timothy John Kennedy, a Colorado state prisoner, appears pro se

to appeal the dismissal of his civil rights claim brought under 42 U.S.C. § 1983.

The district court dismissed the claim because Mr. Kennedy failed to pay an

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

initial partial filing fee of forty-eight dollars. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mr. Kennedy alleges that prison staff at the Colorado Department of Corrections (CDOC) Centennial Correctional Facility are continuously retaliating against him for filing legitimate grievances and complaints. On May 23, 2005, a magistrate judge granted Mr. Kennedy leave to proceed in forma pauperis in the district court, but ordered him to pay within thirty days an initial partial filing fee of forty-eight dollars. If he could not pay the fee, Mr. Kennedy was directed to show cause why he had no assets or means to do so. The magistrate judge put Mr. Kennedy on notice that if he failed to comply with the order, either by paying the fee or showing cause within the thirty-day period, his claim would be dismissed. Mr. Kennedy failed to comply with the fee order within the time allotted. Consequently, on June 30, 2005, the district court dismissed the complaint without prejudice.

On appeal, Mr. Kennedy argues that his failure to comply with the fee order ought to be excused because CDOC officials refused to issue him a money order so as to purposefully cause the dismissal of his claim. Based on the lack of evidence supporting this claim, we find Mr. Kennedy's contention unpersuasive.

Where, as here, the district court dismisses a plaintiff's claim for failing to comply with a court order, we review for an abuse of discretion. *See Mobley v. McCormick*, 40 F.3d 337, 340 n.1 (10th Cir. 1994). The Prison Litigation Reform

Act (PLRA) provides that a "court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee." 28 U.S.C. § 1915(b)(1). Under Fed. R. Civ. P. 41(b), a district court may, in its discretion, dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court." But before a court dismisses an inmate's action for failing to pay an initial partial filing fee, the PLRA requires the court to give the inmate an adequate opportunity to comply with the fee order. *See Redmond v. Gill*, 352 F.3d 801, 803-04 (3d Cir. 2003).

In this case, the district court assessed a forty-eight dollar initial partial filing fee, and gave Mr. Kennedy an adequate opportunity to comply with the order by allowing him thirty days to either pay the fee or show cause why he had no assets or means to do so. The court specifically warned Mr. Kennedy of the consequences if he failed to comply with the court's order within that time period. Despite this warning, it was not until July 7, 2005—fifteen days after the court-imposed deadline—that CDOC officials received Mr. Kennedy's request for a money order to pay the fee. According to Mr. Kennedy's Inmate Banking History, CDOC officials processed the request and issued the money order the next day, on July 8. Then, as evidenced by a date and time-stamped receipt, the district court received Mr. Kennedy's initial partial filing fee on July 11, 2005—nineteen days beyond the court-imposed deadline. Given this sequence of events, it is apparent that Mr. Kennedy failed to comply with the court's order

even though he had the means and an adequate opportunity to do so. It was therefore within the court's discretion to dismiss the claim. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action.").

Nonetheless, Mr. Kennedy maintains that CDOC officials delayed the processing of his money order so as to purposefully cause the dismissal of his claim. To support this allegation, Mr. Kennedy refers us to a money order request form dated June 9, 2005, that he claims was falsely denied for insufficient funds. He argues that his Inmate Banking History proves he had enough money in his account to cover the money order as of that date, and that the denial of his money order for insufficient funds was mere pretext for the intentional delay. While these allegations are troubling, we find no evidence in the record to support them. In fact, the record contains no evidence that Mr. Kennedy even submitted this particular request. The money order request form is not date-stamped, certified, or otherwise authenticated. Although the form indicates that the request was denied for insufficient funds, it was never signed by prison personnel. And while the balance of Mr. Kennedy's account was sufficient to cover the forty-eight dollar money order, his Inmate Banking History reflects no attempt to process the purported transaction. In short, there simply is no evidence to substantiate Mr. Kennedy's claim of malfeasance on the part of CDOC officials. On the other

-4-

hand, there is ample evidence demonstrating that the court gave Mr. Kennedy an adequate opportunity to comply with the fee order, and that he failed to do so within the time allowed. Given these circumstances, the district court's dismissal of Mr. Kennedy's claim comports with the requirements of the PLRA. *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (recognizing that failure to pay an initial partial filing fee "may result in dismissal of a prisoner's action" under the PLRA). We are therefore unable to say the district court abused its discretion in dismissing the claim. The court's dismissal without prejudice leaves Mr. Kennedy free to reinitiate his claim should he so choose. His request for the return of legal documents filed during the course of this litigation is denied for the reasons stated in the district court's February 6, 2006 order.

The judgment of the district court is AFFIRMED. All other outstanding motions are DENIED as moot.

Entered for the Court

Bobby R. Baldock
Circuit Judge