IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-41328
Summary Calendar

PAUL ALLEN BROWN

Plaintiff-Appellant

v.

MICHAEL KING; LAURA MCKINNON; CLINT SELMAN; JAMES VAN METER; JOHN RAASOCH; BILLY SHELTON

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-199

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Paul Allen Brown, Texas prisoner # 1135724, proceeding pro se and in forma pauperis, appeals the dismissal of his 42 U.S.C. § 1983 complaint.

On 18 May 2006, the district court issued an order, providing: Brown's pleadings were deficient, he needed to amend his complaint to correct deficiencies, and failure to do so within 30 days would result in dismissal. On 28 July 2006, after considering Brown's objections, the district court dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the proceeding without prejudice for Brown's failure to amend his complaint. Brown maintains his mental illness prevents his amending his complaint or taking other appropriate action.

A district court may dismiss sua sponte an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Although the district court dismissed Brown's action without prejudice, the dismissal was effectively with prejudice due to the two-year statute of limitations. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Where the limitations period "prevents [] or arguably may prevent" further litigation, the standard of review should be the same as used for reviewing a dismissal with prejudice. Boazman v. Econ. Lab., Inc., 537 F.2d 210, 212-13 (5th Cir. 1976). This court "will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile". Berry, 975 F.2d at 1191 (footnote omitted).

There is not a clear record of purposeful delay or contumacious conduct by Brown. The order to amend was issued 18 May 2006. The action was dismissed on 28 July 2006. There were no other instances in which Brown did not comply with a court order. See Berry, 975 F.2d at 1191 & n.5. Moreover, the district court did not determine lesser sanctions would not prompt diligent prosecution, nor did it employ lesser sanctions which proved to be futile. See id. at 1192 & n.7.

Accordingly, the dismissal of Brown's action was an abuse of discretion. The judgment is VACATED and this matter is REMANDED for further proceedings.