**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN PAUL SHERIDAN,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 07-2141

(D. of N.M.)

(D.C. No. CIV-04-1345-FHS)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

John Paul Sheridan appeals the district court's order dismissing his pro se civil action against the United States, in which he alleges the federal government failed to investigate his allegations that New Mexico state and county officials violated his constitutional rights. Because Sheridan failed to comply

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

with the court's order directing him to amend his complaint, we affirm the district court's decision.

## I. Background

In 2004, Sheridan filed a civil action against the United States in federal court. The United States responded by moving to dismiss on the basis of sovereign immunity. After Sheridan failed to respond, the United States District Court for the District of New Mexico granted the motion to dismiss on this ground.

Sheridan appealed the decision to the Tenth Circuit, and we concluded that the district court correctly dismissed the claims against the United States. But we also held that the district court erred by strictly construing Sheridan's pro se complaint as only alleging claims against the United States. Because Sheridan's complaint could be construed to include New Mexico state and county officials as defendants, we remanded the case to the district court to give Sheridan the opportunity to amend his complaint to name the proper defendants.

On remand, the district court entered an order on April 3, 2007, directing Sheridan to file an amended complaint by April 27, 2007. Sheridan did not comply with the order within the specified time, and the district court dismissed the case sua sponte without prejudice. He now appeals the district court's order.

## II. Discussion

A district court may dismiss a case sua sponte for want of prosecution. *Joplin v. Sw. Bell Tel. Co.*, 671 F.2d 1274, 1275 (10th Cir. 1982) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). We review for an abuse of discretion. *Id.*

Dismissal with prejudice "is a harsh sanction and should be resorted to only in extreme cases." *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). But a court may exercise broad discretion in determining whether to dismiss a civil action without prejudice for lack of prosecution. 8 *Moore's Federal Practice* § 41.53 ("When dismissal is without prejudice, an abuse of discretion will generally not be found, since the plaintiff may simply refile the suit."); *cf. Brown v. King*, No. 06-41328, 2007 WL 2908740, at *1 (5th Cir. Oct. 3, 2007) (citing *Berry v. Cigna/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice.").

"[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)); *see also Mathews v. Samuels*, No. 92-2234, 1993 WL 334250, at *1 (10th Cir. Aug.

23, 1993) (affirming a district court's order dismissing a pro se plaintiff's civil action because the plaintiff failed to comply with an order directing him to amend his complaint).

On appeal, Sheridan argues he complied with the court order when he submitted an "amended criminal complaint" to the District of New Mexico's Office of the Clerk. The clerk's office mailed him a letter on April 11, 2007, notifying him, "[t]his document is being returned without filing because a criminal complaint must be prosecuted by the United States." R., Ex. 6.

The district court's dismissal was not an abuse of discretion. Sheridan's "criminal complaint" is not part of this record. In any event, there is no showing that the clerk improperly failed to file the document in this civil proceeding or that it was otherwise misdirected. Nor has Sheridan suggested any reason why he could not file a conforming complaint within the April 27 deadline. He is not a federal prisoner; he did not request an extension of time after he received the clerk's letter; and nothing in the record indicates he needed additional time to comply with the court's order. In short, the record in this case provides no reason why the district court's order could not have been followed.

For these reasons, we conclude the district court did not abuse its discretion by dismissing Sheridan's claims without prejudice.

## III. Conclusion

Accordingly, we AFFIRM the district court's order dismissing Sheridan's complaint.

Entered for the Court,


Timothy M. Tymkovich
United States Circuit Judge