**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES A. CHILDS,

      Plaintiff-Appellant,

  v.

JOE ORTIZ, BARRY PARDUS,
DENNIS BURBANK, RANDY
FOSHEE, WILLIAM RICHTER, T.
KEELER, LT. HOLCOMB, DONNA
MURPHY, STEVE OWENS,
DONALD McCALL, JIM BROWN
SGT. SIMMONS, K. MEYER, PHIL
MARMALEJO, JULIE RUSSELL,
JASON ELSE, ANTHONY A.
DeCESARO, KAREN COOPER,
SHERYL HEBERT, R. TWILLEGER,
MICHAEL MELLANO, L.A.
RAMIREZ, and M. WINDEN,

      Defendants-Appellees.

No.07-1317

(D. of Colo.)

(D.C. No. 06-cv-741-ZLW-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

James A. Childs appeals the district court's order dismissing without prejudice his complaint challenging various conditions of his imprisonment. Because Childs did not show cause for his failure to comply with the district court's orders, we AFFIRM.[1]

## I. Background

Childs, a pro se state prisoner, filed a civil rights action in the United States District Court for the District of Colorado challenging the conditions of his confinement. On May 4, 2006, the court granted his motion for leave to proceed in forma pauperis. The court also ordered Childs to make monthly partial payments of the filing fee, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), or show cause each month why he had no assets and no means to pay the fee. To show cause, Childs was required to file a current certified copy of his trust fund account statement every month. The court warned Childs that if he failed to comply with the order, it would dismiss his complaint. The court issued an additional order on May 23, 2006, granting Childs permission to proceed in the action without paying the initial filing fee. In the order, the

---

[1] The district court previously dismissed Childs's complaint for failure to demonstrate exhaustion of administrative remedies. On April 24, 2007, we vacated the district court's order and remanded the case in light of the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910, 921 (2007) (holding failure to exhaust administrative remedies is an affirmative defense and not a pleading requirement).

court reminded Childs he was still required to make monthly partial payments of the filing fee or show cause.

Following the May 23, 2006, order, Childs made no monthly payments and made only two attempts to show cause for why he was unable to make the payments. A year later, on June 7, 2007, the magistrate judge ordered Childs to show cause for why he did not comply with the May 4 and May 23 orders. After Childs filed his response, the district court concluded Childs failed to show cause. The court dismissed Childs's complaint without prejudice, and he now appeals the court's order.

## II. Discussion

A district court may dismiss a case sua sponte for want of prosecution. *Joplin v. Sw. Bell Tel. Co.*, 671 F.2d 1274, 1275 (10th Cir. 1982) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). We review for an abuse of discretion. *Id.*; *see also Kennedy v. Reid*, 208 F. App'x 678, 679 (10th Cir. 2006) (reviewing for an abuse of discretion the district court's dismissal of a prisoner's civil rights action because he failed to pay the initial partial filing fee or show cause).

A court may exercise broad discretion in determining whether to dismiss a civil action without prejudice for lack of prosecution. *Sheridan v. United States*, No. 07-2141, 2007 WL 3226463, at *1 (10th Cir. Oct. 31, 2007); 8 *Moore's Federal Practice* § 41.53 ("When dismissal is without prejudice, an abuse of

discretion will generally not be found, since the plaintiff may simply refile the suit.").

"[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)); *cf. Kennedy*, 208 F. App'x at 680 (affirming the district court's dismissal of a prisoner's civil rights action because he did not pay the initial partial filing fee and did not adequately show cause).

## A.

In this case, the district court provided Childs ample opportunity to comply with the court's May 4 and May 23, 2006 orders. The district court waited over a year before it issued an order demanding Childs show cause for his failure to make monthly payments. In his response to the court's June 7, 2007 order, Childs explained the following:

> Plaintiff shows cause why he has no assets and no means by which to make monthly payments and submit a current certified inmate trust fund account statement. Plaintiff is unable to show cause each month why he has no assets and no means by which to make monthly payments because he is indigent and unemployed. Since the inception of these civil proceedings and litigation in the court plaintiff has incurred DOC administrative costs and debit for postage and photocopies in the amount of $300 or more including the court filing fees of $350.00 and $455.00 totaling $1,105 and provided this court each month why he has no assets and no means by which to make monthly payments forces plaintiff to choose between basic

hygiene necessities monthly and monthly postage since he could not afford both due to his continued proverty [sic] and destitution. Plaintiff's current account balance and amount as shown in the certified inmate trust fund account statement dated 6-11-07 does not exceed $10.00 pursuant to 28 U.S.C. 1915(b)(2) and therefore plaintiff has no assets and no means by which to pay the monthly initial partial filing fee.

R., Vol. I, Doc. 38, at 2–3.

The district court did not abuse its discretion in concluding that Childs failed to show cause for his failure to comply with the court's orders. Childs's claim that he lacks the funds necessary to make payments or show cause each month is unsubstantiated. The trust fund statement he submitted to the court only covers a portion of the time in question. Furthermore, he fails to provide any evidence demonstrating he would have to forego "basic hygiene necessities" if he complied with the court's orders.

**B.**

On appeal, Childs argues the court nonetheless abused its discretion because dismissal of his case violates 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). The district court, however, complied with this requirement by granting Childs's motion to proceed without paying the initial partial filing fee, and by permitting him to skip a monthly payment if he could show cause.

## C.

Childs also suggests the PLRA violates his constitutional right of access to the courts, and therefore the district court abused its discretion by dismissing his complaint because he did not make the required filing fee payments. Prisoners, however, do not have a right to completely free access to the courts. *See Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978). "Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." *Id.* The PLRA's requirement that prisoners pay these fees furthers important budgetary considerations by deterring the filing of costly, frivolous lawsuits. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.") (internal quotation marks omitted). At the same time, the PLRA permits inmates to pay the fee in small monthly installments, ensuring that prisoners like Childs are not denied access to the judicial system. *See Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001) ("[T]he Prison Litigation Reform Act's requirement for paying a minimal initial partial filing fee, followed by small installments until the entire filing fee is paid, does not constitute an unconstitutional denial of access to the court or otherwise violate [a prisoner's] constitutional rights."). In order to further accommodate Childs's financial

situation, the district court permitted him to skip a monthly payment as long as he could show cause that he lacked the financial means to make the payment.

Because the district court's enforcement of the PLRA's fee provisions furthers important budgetary considerations, we conclude Childs's constitutional rights have not been violated. Therefore, the district court did not abuse its discretion by dismissing without prejudice Childs's complaint.

### III. Conclusion

Accordingly, the district court's order is AFFIRMED. We also GRANT Childs's motion to proceed without prepayment of the appellate filing fees. However, we remind Childs that he must make partial payments until all fees have been paid.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge