FILED
United States Court of Appeals
Tenth Circuit

November 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KHALID MOHAMMAD,

    Plaintiff - Appellant,

v.

ALBUQUERQUE POLICE
DEPARTMENT,

    Defendant - Appellee,

and

OFFICER GIL VOVIGIO; OFFICER
DANIEL YURCISIN,

    Defendants.

No. 17-2132
(D.C. No. 1:16-CV-00776-JCH-LF)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

This appeal presents an incongruity between the issue raised in the appellant's

opening brief and the issue raised in the notice of appeal. Because those two

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

documents reference entirely separate issues, we have no basis for disturbing the lower court's judgment, which we affirm.

Khalid Mohammad, proceeding pro se,[1] filed this action against the Albuquerque Police Department (the "APD") for incidents relating to an arrest and detention in Albuquerque, New Mexico. He sued the APD under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-12. On March 1, 2017, the district court dismissed with prejudice all claims against the APD (the "March 1 Order"), but directed the Clerk of the Court to add APD Officers Gil Vovigio and Daniel Yurcisin (the "APD Officers") as defendants. The district court further directed the Clerk of the Court to mail Mr. Mohammad an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" and ordered Mr. Mohammad to return that application within twenty-one days.

Three months later, the district court *sua sponte* issued an order to show cause, noting that Mr. Mohammad had not taken any action in the case since before the district court's March 1 Order and warning that failure to comply with or respond to its latest order within twenty days would result in the dismissal of his lawsuit without prejudice, without further warning. After more than a month had passed, the district court dismissed the case for lack of prosecution on July 12, 2017 (the "July 12 Order").

---

[1] Because Mr. Mohammad is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

On Aug. 4, 2017, Mr. Mohammad filed a timely notice of appeal. In its entirety, the notice of appeal stated:

> Notice is hereby given that Khalid Mohammad, plaintiff in the above named case, hereby appeal [sic] to the United States Court of Appeals for the Tenth Circuit, the order to dismiss the case without prejudice, entered on 07/12/2017.

Mr. Mohammad attached three documents to the notice of appeal: the July 12 Order, the order to show cause, and, curiously, a three-year-old order imposing filing restrictions on Mr. Mohammad that was entered by the same district court judge in separate litigation also involving Mr. Mohammad. On September 28, 2017, Mr. Mohammad filed his opening brief in this court. In his brief, Mr. Mohammad focuses exclusively on the March 1 Order dismissing the APD, and he advances no arguments regarding the July 12 Order that was the sole issue identified in his notice of appeal.

The Federal Rules of Appellate Procedure require a notice of appeal to "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). "[T]hose designations circumscribe the scope of our appellate review." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1199 n.8 (10th Cir. 2017). In this case, the notice of appeal was clearly limited to the district court's order to show cause and the July 12 Order dismissing Mr. Mohammad's case for lack of prosecution. That is the limit of our appellate review. In these circumstances, we do not consider arguments that are directed to decisions of the district court not designated in the notice of appeal. *See Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990).

As for lack of prosecution, "[i]ssues not raised in the opening brief are deemed abandoned or waived." *Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) (citation omitted). Mr. Mohammad's failure to make any argument in his opening brief regarding the district court's decision to dismiss his case for lack of prosecution is reason enough to affirm that judgment. In any event, even if we were to consider the merits of the district court's dismissal of this case, we would affirm on that basis as well.

"The district court's decision to dismiss an action for lack of prosecution will not be overruled absent an abuse of discretion." *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Childs v. Ortiz*, 259 F. App'x 139, 141 (10th Cir. 2007). The district court relied on Fed. R. Civ. P. 4(m) to dismiss Mr. Mohammad's claims. That rule states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The district court did not abuse its discretion in issuing the July 12 Order because Mr. Mohammad (1) failed to serve the APD Officers within ninety days of their being added to the lawsuit and (2) did not show good cause for that failure. At the time the order to show cause was issued, more than ninety days had passed from the time the APD Officers had been added to the suit, and they still had not been served with the complaint. Further, the order to show cause gave

4

Mr. Mohammad notice that the ninety-day period had expired and granted him twenty days to "serve the individually named officers with the original complaint, or file a completed application to proceed without prepaying fees or costs, or show cause in writing as to why his case should not be dismissed for failure to prosecute." Mr. Mohammad did not respond to the order to show cause within the allotted time and thus failed to complete any of these options. Therefore, Federal Rule of Civil Procedure 4(m) required the district court to dismiss the case for lack of prosecution, and the court did not abuse its discretion in doing so.

For the foregoing reasons, we affirm.[2]

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[2] Mr. Mohammad also seeks leave to proceed in forma pauperis. Because it appears from Mr. Mohammad's motion for leave that he cannot afford to pay the filing fee, we grant this request.