**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL CLAYTON COOPER,

Plaintiff - Appellant,

v.

JEFF WATERS, Physician Assistant,

Defendant - Appellee.

No. 04-1383
(D.C. No. 02-K-1243 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, KELLY,** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Michael Clayton Cooper, a Colorado inmate proceeding pro se, claims that defendant Waters, a physician assistant employed at the El Paso County Jail in Colorado Springs, Colorado, was deliberately indifferent to his serious medical needs during the time he was a pretrial detainee at that facility. He filed suit under 42 U.S.C. § 1983. The district court granted summary judgment in defendant's favor. Mr. Cooper appeals and we affirm.[1]

Mr. Cooper sustained a bullet wound to his knee before he was received at the jail in April of 2002. During his stay at the jail, Mr. Waters treated his knee injury. Mr. Cooper alleged (1) that the medical treatment of his knee injury was contrary to the instructions from the physician who had treated him at the hospital; (2) his knee brace and crutches were taken away, despite his need for them; (3) he did not receive the physical therapy prescribed by the physician; (4) he did not receive adequate or correct pain medications; and (5) he was assigned an upper bunk on an upper level of the jail facility, which was difficult and painful for him to manage due to his knee injury. On cross motions for summary judgment, the magistrate judge recommended granting Mr. Waters' motion. The district court adopted the magistrate judge's recommendation and entered judgment against Mr. Cooper.

---

[1]    Mr. Cooper's complaint originally named Sheriff John Wesley Anderson and Terry Maketa as defendants. Those defendants were dismissed by an order of the district court, and Mr. Cooper does not challenge that order on appeal.

On appeal, Mr. Cooper reasserts the claims he made in the district court.[2] In addition, he has raised two issues in his reply brief on appeal. He contends that his right to confidentiality in his medical records was violated when the records were revealed to a third party. He also claims that by considering the reports of two prison guards who observed that he did not use his knee brace or crutch, Mr. Waters allowed non-medical personnel to participate in an evaluation of his medical condition. Although Mr. Cooper mentioned these arguments in his summary-judgment pleadings filed in the district court, he did not present them in his complaint or his amendments to the complaint. He did not alert the district court that these allegations were intended for consideration as distinct claims for relief, rather than as supporting argument for the claims he had articulated. Moreover, these claims were not included in the final pre-trial order, so they were waived. *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002); *see also* R. doc. 118, at 10 (final pre-trial order stating it "will control the subsequent course of this action and the trial" and limiting amendment). Accordingly, we do not consider these claims on appeal. *See S. Hospitality, Inc. v. Zurich Am. Ins. Co.*,

---

[2] In his appellate brief, Mr. Cooper has listed as background information several rulings for which he has not provided argument or legal authority. Accordingly, we do not review those issues. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (holding appellate court need not consider argument where party has failed to support it "with any authority, legal or otherwise").

393 F.3d 1137, 1142 (10th Cir. 2004) (appellate court reviews claims fairly raised and decided, but does not consider on appeal any theory not raised in district court); *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003) (issues not presented to district court will not be addressed on appeal); *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (appellate court will not consider issue raised for first time in reply brief).

Turning to the claims properly raised and decided in the district court, we review *de novo* the district court's grant of summary judgment. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Mr. Cooper is representing himself on appeal, so his pleadings will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the summary judgment substantially for the reasons stated in the magistrate judge's August 9, 2004 recommendation, as adopted by the district court.

The district court granted Mr. Cooper's motion to proceed on appeal without prepayment of costs and fees. Mr. Cooper is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the United States District Court for Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge