F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY A. MONTANA,

Plaintiff - Appellant,

v.

STEVE HARGETT; RANDY
MARTINEZ; ANGELA ALCON;
SHERRI VAN METER, and JANE &
JOHN DOE(S), I through X,

Defendants - Appellees.

No. 06-1055
(D.C. No. 05-CV-2583-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Johnny A. Montana, a state prisoner appearing pro se,

filed a complaint in federal district court naming various Wyoming State

Penitentiary officials as defendants. We previously remanded these claims for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

dismissal without prejudice to allow exhaustion of administrative remedies. Montana v. Hargett, 151 Fed. Appx. 633 (10th Cir. Oct. 4, 2005). He also filed a motion seeking leave to proceed in forma pauperis (IFP) before the district court. On December 20, 2005, a magistrate judge directed Mr. Montana to cure certain deficiencies so that he could proceed with his claims. In particular, Mr. Montana was ordered to file the complaint and the IFP petition on the proper forms and to submit a certified copy of his inmate trust fund account statement for the six-month time period that immediately preceded the filing of the complaint, as required under 28 U.S.C. § 1915(a)(2). Mr. Montana was made aware that his complaint would be dismissed if the deficiencies were not ameliorated within thirty days.

On January 9, 2006, Mr. Montana filed his complaint and his IFP petition on the proper forms, but failed to submit a proper certified copy of his inmate trust fund account statement. On January 27, 2006, after finding that Mr. Montana had failed to fully remedy the deficiencies within the time allowed, the district court dismissed the complaint for failure to cure. The IFP petition was denied as moot. Mr. Montana next filed his notice of appeal on February 8, 2006. Six days later, the district court ordered Mr. Montana to cure certain deficiencies – failure to submit his filing fee and failure to submit his motion and affidavit for leave to pursue his IFP petition under § 1915 – within thirty days if he wished to

pursue his appeal. Mr. Montana did so, but the district court ultimately denied Mr. Montana's motion to proceed IFP on appeal, holding that Mr. Montana's "appeal [was] not taken in good faith because plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts. . .". R. Doc. 15.

On appeal, Mr. Montana challenges the denial of his petition to proceed IFP, and he argues that the district court erred in dismissing his complaint and initial petition for failing to include the six-month account statement because he requested that statement, but the prison officials did not deliver it to him in time. We note that in Mr. Montana's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (Doc. 14), filed on February 23, the six month certification (dated February 16) reflecting a minus balance was attached. We construe Mr. Montana's pro se filings in this court liberally, as we are required to under Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse the denial of the IFP petition and grant Mr. Montana's petition to proceed IFP on appeal.

## Discussion

As an initial matter, we remind Mr. Montana that the ability to proceed IFP

is a privilege, not a right.  White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998).  We review the district court's dismissal without prejudice for failure to provide prison account statements for an abuse of discretion, as required by 28 U.S.C. § 1915(a)(2).  See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (holding that the dismissal of a frivolous action reviewed for abuse of discretion).  Quite frankly, we are troubled by Mr. Montana's claims that it was the prison officials who caused his failure to cure his petition.  We recognize that Mr. Montana failed to meet the requirements of 28 U.S.C. § 1915(a)(2), and we are cognizant of the fact that he failed to inform the district court that the prison officials' alleged delay was the reason why he could not follow the court's order.  Nevertheless, we think that allowing the district court the opportunity on remand to exercise its discretion with the full understanding of Mr. Montana's arguments will provide for the best solution to this matter.

REVERSED.  We GRANT Mr. Montana's motion to proceed IFP on appeal.  Mr. Montana is responsible for the payment of the unpaid balance of the appellate filing fee until paid in full.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge