**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHNNY A. MONTANA,

　　　Plaintiff-Appellant,

v.

STEVE HARGETT, Individually and as
Warden of the Crowley County
Correctional Facility; RANDY
MARTINEZ, Individually and as Unit 2
Case Manager, Crowley County
Correctional Facility; ANGELA ALCON,
Individually and as Correctional Officer,
Crowley County Correctional Facility;
and JANE & JOHN DOE(S), I through X,

　　　Defendants-Appellees.

No. 06-1347

(D.C. No. 05-CV-2583-ZLW)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, ordered submitted without oral argument.

Plaintiff Johnny Montana (Montana), a state prisoner appearing pro se, appeals the district court's dismissal of his civil rights action for failing to comply with 28 U.S.C. § 1915(a)(2)[1] by providing the court with a certified copy of his inmate trust fund account statement.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

Plaintiff Johnny Montana, proceeding pro se, filed a civil rights action with the United States District Court for the District of Colorado pursuant to 42 U.S.C. § 1983 asserting claims of retaliation and denial of access to the court against various Wyoming State Penitentiary officials.  Montana also filed a motion seeking leave to proceed in forma pauperis (IFP). The action was assigned to a magistrate judge who entered an order directing the clerk of court to initiate a civil action and directing Montana to cure certain deficiencies in his filings.

Specifically, Montana was ordered to file both his complaint and  motion to proceed IFP on the proper forms and, as required by 28 U.S.C. § 1915(a)(2), to submit a certified

_____

[1] 28 U.S.C. § 1915(a)(2) requires that:

A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

copy of his inmate trust fund account statement for the six-month period immediately preceding the initiation of his action. Montana was warned that the action would be dismissed without further notice if he failed to cure all of the deficiencies within 30 days.

In response, Montana timely filed a complaint and an IFP motion on the proper forms. He did not, however, submit a properly certified copy of his inmate trust fund account statement as required by § 1915(a)(2). As a result, the district court dismissed Montana's action without prejudice and denied as moot his motion to proceed IFP. Montana appealed and we reversed the district court's dismissal of the action and remanded. We remanded to the district court for its consideration of Montana's argument that his failure to cure deficiencies was caused by prison officials who stymied his efforts by failing or refusing to provide him with the requisite certified account statement. Montana v. Hargett, 182 Fed. Appx. 750 (10th Cir. May 4, 2006). Montana raised this argument for the first time on appeal.

On remand, the magistrate judge ordered Montana to show cause why the present action should not be dismissed for his failure to timely comply with the court's previous order to submit a certified copy of his inmate trust fund account statement. And, in order for the magistrate judge to calculate an initial partial filing fee in the event Montana were granted leave to proceed IFP, the magistrate judge also directed Montana to submit a current certified copy of his inmate trust fund account statement for the past six months.

Montana filed his response to the magistrate judge's show cause order. He argued that he had attempted to comply with the order directing him to cure the deficiencies, but that

prison officials prevented him from submitting a certified copy of his inmate trust fund account statement. Specifically, he alleged that inmates are required to rely on prison officials to provide account statements and that he has no control over the actions of prison officials if they fail, or refuse to provide a certified account statement, as he alleged they did here. Montana also alleged that he sued prison officials in a subsequent civil rights complaint for interfering with his ongoing litigation, alleging therein the failure to provide a certified account statement. Last, Montana alleged that the district court was fully aware of his efforts to obtain a certified copy of his inmate trust fund account statement and he asserted that he raised this issue in his complaint and notice of appeal.

The district court determined that Montana failed to justify his failure to submit a certified inmate trust fund account statement. Specifically, the district court, upon reviewing the record, found that Montana never asserted in his complaint or notice of appeal or in any other document prior to his response to the show cause order, that prison officials would not provide him with a certified copy of his inmate trust fund account statement. Stated differently, the district court noted that when Montana responded to the order to cure deficiencies by filing his complaint and IFP motion on the proper forms, he failed to mention any difficulty in obtaining a certified copy of his account statement. The district court stated further that if Montana was unable to provide a certified copy of his inmate trust fund account statement within the time allotted by the court's order, he should have advised the district court at that time. The district court also determined that Montana's allegations in a District of Wyoming civil rights action concerning problems he had in obtaining a certified

copy of his account statement would not have provided the United States District Court for the District of Colorado with notice of these problems.

Further, given Montana's prior filings, the district court was not persuaded by his unsupported allegations that he was unable to obtain a certified copy of his inmate trust fund account statement from prison officials. Specifically, the district court noted that on December 8, 2005 Montana submitted a copy of his inmate trust fund account statement, which was certified by a Wyoming prison official, in support of his original motion seeking leave to proceed IFP in this action. The only problem with that account statement, as identified by the district court, was that it covered only one month rather than the six months required pursuant to § 1915(a)(2). The district court noted too that Montana had previously provided a copy of his inmate trust fund account statement, which had been certified by a Wyoming prison official on February 23, 2006, in support of his motion seeking leave to proceed IFP on appeal in this action.

Last, the district court noted that a review of the account statement Montana submitted with his response to the show cause order revealed that that account statement was not certified by a prison official as required. For that reason alone, the district court concluded in the alternative, Montana's action was properly dismissed. In short, the district court concluded that Montana failed to establish cause for his failure to meet the requirements of § 1915(a)(2). Consequently, the district court again dismissed Montana's action. Montana filed a timely appeal of the dismissal of his action along with a motion to proceed on appeal IFP, which the district court denied, concluding that the appeal was not taken in good faith

-5-

as required by § 1915(a)(3).

II

As noted, the district court dismissed the underlying action because Montana failed to support his claim that his efforts to comply with 28 U.S.C. § 1915(a)(2) by providing a certified copy of his inmate trust fund account statement were stymied by prison officials. Montana now argues that the district court erred in this respect. Specifically, Montana claims that he made the district court fully aware that his failure to comply with 28 U.S.C. § 1915(a)(2) resulted solely from the lack of cooperation of prison officials. Consequently, Montana concludes his action should not have been dismissed because he had shown cause for his failure to meet the requirements of 28 U.S.C. § 1915(a)(2). Montana has also filed a motion for leave to proceed on appeal IFP.

We review the district court's dismissal without prejudice for failure to provide account statements, as required by 28 U.S.C. § 1915(a)(2), for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (holding that the dismissal of a frivolous action reviewed for abuse of discretion). In conducting our review, we construe Montana's pro se filings liberally, as we are required under Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). Upon review of the record, and for substantially the same reasons as set forth in its order dismissing Montana's action for failure to show cause, we conclude that the district court did not abuse its discretion in dismissing Montana's action.

Montana was given ample opportunity to support his argument that he was precluded from receiving a certified copy of his inmate trust account, but he supplied only general and

-6-

unsupported conclusory allegations of wrongdoing by prison officials in his response. Similarly, Montana failed to include in this response a current certified copy of his inmate trust account, nor did he allege that his failure to comply with the district court's show cause order in this respect was the result of an act or omission of prison officials. Moreover, the fact that on two prior occasions Montana has been able to receive properly certified copies of his inmate trust account cuts against his claim that prison officials refuse to provide them. Likewise, we also note that in his motion to proceed IFP in the instant appeal, Montana has satisfied the requirements of 28 U.S.C. § 1915(a)(2) by submitting along with his application a certified copy of his inmate trust account for the last six months. We conclude that the district court did not abuse its discretion in concluding Montana's response to its order to show cause was insufficient to justify his failure to comply with the requirements of 28 U.S.C. § 1915(a)(2).

Accordingly, in light of Montana's failure to justify his claim that prison officials rendered him unable to satisfy 28 U.S.C. § 1915(a)(2) and provide a certified copy of his inmate trust account, we conclude that the district court did not abuse its discretion in dismissing Montana's complaint without prejudice. The judgment of the district court is AFFIRMED.

The district court denied Montana's motion to proceed under § 1915 on appeal for failing to present a reasoned, nonfrivolous argument on the law and facts in support of the

-7-

issues raised.  We agree, and DENY Montana's motion to proceed without prepayment of fees.

Entered for the Court


Mary Beck Briscoe
Circuit Judge
