**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHAWN LEE ALLRED,

              Plaintiff-Appellant,

       v.

ELISABETH A. SHUMAKER, Clerk
of Court, and THE UNITED STATES
COURT OF APPEALS FOR THE
TENTH CIRCUIT,

              Defendants-Appellees.

No. 07-4037

(D. of Utah)

(D.C. No. 2:06-CV-870-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Shawn Lee Allred appeals the district court's order dismissing without

prejudice his pro se civil action against the Tenth Circuit Court of Appeals and

Clerk of the Court Elisabeth A. Shumaker. Because Allred did not adequately

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

show cause for his failure to submit a certified copy of his inmate trust fund account statement, we AFFIRM the lower court's order.

## I. Background

Allred was convicted of four counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and two counts of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d)(3). The United States District Court for the District of Utah sentenced him to 188 months, and he appealed his sentence. Despite being represented by an attorney, Allred attempted to file certain documents with the Tenth Circuit. Allred alleges the Clerk's office refused to accept the documents in violation of certain local rules and procedures.

While the appeal was pending, Allred filed a pro se civil rights action, alleging Ms. Shumaker and the Tenth Circuit denied him his purported right to proceed pro se, and refused to provide him assistance in his direct criminal appeal. Allred applied to proceed without prepaying his filing fee, but he failed to submit a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). On October 11, 2006, the magistrate judge granted Allred's application, but also ordered him to file within thirty days a certified copy of the account statement. The court warned Allred that if he failed to comply with the order, his complaint would be dismissed.

Allred did not timely file the required document. The district court concluded Allred failed to show cause for his inaction and dismissed his complaint without prejudice. He now appeals the court's order.

## II. Discussion

A district court may dismiss a case sua sponte for want of prosecution. *Joplin v. Sw. Bell Tel. Co.*, 671 F.2d 1274, 1275 (10th Cir. 1982) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). We review for an abuse of discretion. *Id.*; *see also Montana v. Hargett*, 212 F. App'x 770, 773 (10th Cir. 2007) (reviewing for abuse of discretion dismissal of a prisoner's civil action because he failed to file a trust fund account statement as ordered by the court).

Dismissal *with* prejudice "is a harsh sanction and should be resorted to only in extreme cases." *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). But a court may exercise broad discretion in determining whether to dismiss a civil action *without* prejudice for lack of prosecution. 8 *Moore's Federal Practice* § 41.53 ("When dismissal is without prejudice, an abuse of discretion will generally not be found, since the plaintiff may simply refile the suit."); *cf. Brown v. King*, No. 06-41328, 2007 WL 2908740, at *1 (5th Cir. Oct. 3, 2007) ("The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice." (citing *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992))).

"[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)); *see also Montana*, 212 F. App'x at 773 (affirming dismissal without prejudice of prisoner's civil rights action because he did not adequately show cause for failing to provide the court a certified copy of his trust fund account statement).

In this case, the district court provided Allred ample opportunity to comply with the court's order. The court provided the inmate thirty days to file the account statement and warned him if he failed to do so, his case would be dismissed. After Allred failed to submit the document, the court provided him an additional thirty days to show cause. In response to the second order, Allred argued the court should "proceed in the case weather [sic] all or partial accounts are in record as the plaintiff should be considered without means as the only monies he gets is from family and very little when any of that." R., Vol. II, Doc. 7, at 1. The district court correctly concluded that this statement did not constitute adequate justification for failing to comply with the order. On appeal, Allred did not provide any additional explanation for his inaction. For these reasons, we conclude the district court did not abuse its discretion by dismissing Allred's complaint without prejudice.

### III. Conclusion

Accordingly, the district court's order is AFFIRMED. We also GRANT Allred's motion to proceed without prepayment of the appellate filing fees. Allred is obligated to continue making partial payments until all fees have been paid.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge