**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSHUA E. WINGFIELD,

      Plaintiff-Appellant,

v.

PATRICK J. SULLIVAN
DETENTION FACILITY,
ARAPAHOE COUNTY
DEPARTMENT FACILITY,
BUREAU CHIEF SPENCE,
ARAPAHOE COUNTY SHERIFF'S
OFFICE, and SHERIFF GRAYSON,

      Defendants-Appellees

No. 07-1419

(D. of Colo.)

(D.C. No. 07-cv-1544-ZLW)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Proceeding *pro se*,[1] Joshua E. Wingfield appeals the district court's order dismissing without prejudice his civil rights action. Wingfield's case was dismissed because he failed to submit a certified copy of his inmate trust fund account within the prescribed time period. We conclude the district court properly dismissed Wingfield's action and therefore AFFIRM.

**I.**

Wingfield complains of the way correctional officers at the Arapahoe County Detention Facility treated him while under detention. In the district court and on appeal, he alleges multiple violations of his due process rights. The district court dismissed Wingfield's case without prejudice after his failure to cure a deficiency in his petition within the 30 days mandated by the court. Specifically, Wingfield did not provide a certified copy of his inmate trust fund account, which was required by the Prison Litigation Reform Act (PLRA) for Wingfield to proceed without prepayment of court filing fees.[2]

---

[1] Because Wingfield proceeds *pro se,* we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] 28 U.S.C. § 1915(a)(2) provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

## II.

We review the district court's dismissal of Wingfield's case for an abuse of discretion. *Joplin v. Sw. Bell Tel. Co.*, 671 F.2d 1274, 1275 (10th Cir. 1982) (per curiam); *Montana v. Hargett*, 212 F. App'x 770, 773 (10th Cir. 2007).

A district court may exercise broad discretion in determining whether to dismiss a civil action without prejudice for failing to comply with court orders. *See, e.g.*, 8 James Wm. Moore et al.*, Moore's Federal Practice* ¶ 41.53 (3d ed. 2007) ("When the dismissal is without prejudice, an abuse of discretion will generally not be found, since the plaintiff may simply refile the suit."). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005); *see also Hargett*, 212 F. App'x at 773 (affirming dismissal without prejudice of prisoner's civil action because prisoner failed to file a certified copy of his trust fund account statement as ordered by the court).

On appeal, Wingfield raises thirteen discrete claims related to his treatment in the Arapahoe detention facility. Unfortunately, he fails to explain how the district court abused its discretion in dismissing his case. Our independent review of the record indicates the district court provided Wingfield ample opportunity to comply with the court's order. The court provided Wingfield 30 days to file a certified copy of his account statement and warned him that if he failed to do so,

his case would be dismissed.  In following the requirements of the PLRA and allowing Wingfield sufficient time to comply with its order, the court did not abuse its discretion.

**III.**

Because Wingfield points to no error in the district court's order and we find none in our independent review, we AFFIRM the court's decision.  We also DENY Wingfield's motion to proceed *in forma pauperis* on appeal.  Wingfield is obligated to continue making partial payments until all fees have been paid.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge

-4-