**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

YOHONIA MARTIN,

     Plaintiff - Appellant,

v.

MT. ST. MARY'S UNIVERSITY
ONLINE,

     Defendant - Appellee.

No. 15-1180
(D.C. No. 1:15-CV-00902-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Yohonia Martin sued Mount St. Mary's University-Online under Title VII, alleging gender discrimination. The district court dismissed Martin's complaint without prejudice based on a lack of subject-matter jurisdiction because Martin failed to show that she had exhausted her administrative remedies by obtaining (and providing to the district court) a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). The district court also certified that any appeal

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. Furthermore, this order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

would not be in good faith and denied *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(3).

A recent case on an analogous issue leads us to question the district court's rationale. In *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1034 (10th Cir. 2015), we held that the requirement for a Title VII plaintiff to sign and verify a formal charge document for the EEOC "is non-jurisdictional and does not divest the federal courts of subject-matter jurisdiction." Here, we need not decide whether attaching a right-to-sue letter to a complaint is a jurisdictional requirement or instead is a condition precedent to suit. We conclude that the district court properly dismissed Martin's lawsuit without prejudice because Martin failed to comply with the district court's order by attaching the right-to-sue letter to her complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On April 28, 2015, Martin filed a complaint against the university, hinging her claims on Title VII. Using a pre-printed complaint, Martin alleged that the university had discriminated against her by failing to promote her (although it is unclear to what job or position she refers) and by "fail[ing] to disburse payments of financial aid." R. at 4. She alleged that the university had returned her financial-aid funds to the Department of Education. Martin also alleged that on March 31, 2015, she had filed a charge of discrimination with the EEOC and, on April 14, 2015, received from the EEOC a right-to-sue letter. Contrary to the instructions on the form, she did not attach a right-to-sue letter to her complaint.

Acting *sua sponte*, the district court found Martin's complaint deficient because she had failed to attach her right-to-sue letter to her complaint. The district court advised Martin that it would dismiss her complaint without prejudice if she failed to cure the deficiency within 30 days by amending her complaint and attaching the right-to-sue letter to it. In response, Martin submitted numerous documents, including: (1) her academic dismissal from the university; (2) an e-mail from the EEOC confirming receipt of Martin's charge; (3) an e-mail from the Department of Education Office for Civil Rights, confirming receipt of her complaint dated March 18, 2015; and (4) a letter from the Department of Education dismissing Martin's complaint because she had failed to provide written consent for the Department of Education to resolve her complaint. Martin also submitted e-mail correspondence between the university and her during her admission process, and an e-mail she had received from Mount Saint Mary's College in Newburgh, New York. But Martin never filed the right-to-sue letter with the district court.

The district court dismissed Martin's complaint without prejudice based on her failure to show that she had exhausted her administrative remedies. *See* Fed. R. Civ. P. 12(h)(3). The district court raised subject-matter jurisdiction *sua sponte*, concluding that the exhaution of administrative remedies is a jurisdictional prerequisite to suit under Title VII. R. at 42 (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997)). The district court dismissed because Martin had failed to demonstrate that the court had jurisdiction over the case. R. at 42 (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir.

3

1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.")).

Martin appeals and seeks *in forma pauperis* status. Because she proceeds pro se, we view her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we will not serve as Martin's attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We have also "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

We begin by discussing *Gad*. There, we held that Title VII's requirement that a plaintiff verify the charges against an employer is not a jurisdictional requirement, but rather a condition precedent to suit. 787 F.3d at 1034. We discerned several principles to reach that conclusion, two of which are relevant here. First, a Title VII requirement's classification as jurisdictional or non-jurisdictional depends, in large part, on whether it is located in Title VII's jurisdictional subsection, 42 U.S.C. § 2000e-5(f)(3). *Id.* at 1038. Second, courts should exercise caution in interpreting procedural rules to cause inadvertent forfeiture of rights. *Id.*

In *Gad*, we still had to consider those principles in light of our general statement (upon which the district court relied to dismiss for lack of subject-matter jurisdiction) that the exhaustion of administrative remedies is "a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). We concluded that we could not

4

square our statement in *Shikles* with the Supreme Court's statement emphasizing that "we should not treat requirements as jurisdictional without express congressional direction," *Gad*, 787 F.3d at 1039–40 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)) and that "drive-by jurisdictional rulings . . . have no precedential effect," *id.* at 1040 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)). Finally, we noted in *Gad* that holding a requirement non-jurisdictional "does not imply any diminution in the need for plaintiffs to comply with [Title VII requirements]." 787 F.3d at 1040.

Here, we need not decide whether attaching a right-to-sue letter to a Title VII complaint is a jurisdictional requirement or instead is a condition precedent to suit. The district court had discretion to dismiss Martin's lawsuit when she failed to comply with its order giving Martin 30 days to cure a deficiency in her complaint. A district court has broad discretion to dismiss a petition without prejudice for a plaintiff's failure to comply with court orders. *Bollinger v. La Villa Grande Care Ctr.*, 296 F. App'x 658, 659 (10th Cir. 2008) (unpublished) (citing 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.53 (3d ed. 2007) ("When the dismissal is without prejudice, an abuse of discretion will generally not be found, since the plaintiff may simply refile the suit.")). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

5

Here, the district court advised Martin of her failure to attach the right-to-sue letter and gave her 30 days to do so, warning her that her failure to comply would result in a dismissal without prejudice. The district court did not abuse its discretion in dismissing without prejudice when Martin did not provide a copy of the right-to-sue letter within the 30-day period. *Cf. Kosterow v. U.S. Marshal's Serv.*, 345 F. App'x 321, 322–23 (10th Cir. 2009) (unpublished) (affirming dismissal without prejudice when plaintiff disregarded a court order to cure a deficiency in his complaint by attaching a certified account statement for *in forma pauperis* status).

On appeal, Martin raises several claims regarding the university's actions in withdrawing her financial aid after the university dismissed her for academic reasons. She does not explain how the district court abused its discretion in dismissing her case, and our independent review of the record shows that the district court provided Martin ample opportunity to comply with its order. *See Wingfield v. Patrick J. Sullivan Det. Facility*, 266 F. App'x 747, 749 (10th Cir. 2009) (unpublished) (affirming dismissal without prejudice when the district court gave the plaintiff 30 days to cure a deficiency in his complaint and comply with the court's order).

Accordingly, we AFFIRM the district court's dismissal and DENY Martin's motion to proceed *in forma pauperis*. We remind Martin that she remains obligated to

6

pay the full amount of the appellate filing fee.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge