**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK WALTER PAULSEN,

    Plaintiff - Appellant,

v.

JEFFERSON COUNTY SHERIFF'S
DEPARTMENT; JEFFERSON COUNTY
JAIL; JEFF SHRADER; JEFFERSON
COUNTY JAIL ADMINISTRATION
DEPARTMENT; MIKE COLLINS,
Classification and Movement Officer at
JCJ; COLORADO DEPARTMENT OF
CORRECTIONS, Buena Vista
Correctional Facility; BUENA VISTA
CORRECTIONAL FACILITY
ADMINISTRATIVE INTAKE; RICK
RAEMISCH, Executive Director; JASON
LINGRICH, Warden, BVCF,

    Defendants - Appellees.

No. 17-1461
(D.C. No. 1:17-CV-02473-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor Paulsen's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mark Walter Paulsen, a state prisoner proceeding pro se,[1] challenges the district court's dismissal without prejudice of his 42 U.S.C. § 1983 claims. The district court dismissed Paulsen's claims without prejudice for failing to file his *in forma pauperis* (IFP) motion on a court-approved form after being given 30 days to cure the deficiency. Paulsen now moves to proceed IFP on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment. *Cf. Montana v. Hargett*, 212 F. App'x 770, 771 (10th Cir. 2007) (exercising § 1291 jurisdiction over a district court's dismissal without prejudice of a prisoner's complaint because the prisoner failed to provide account statements with his IFP motion). We deny Paulsen's motion to proceed IFP on appeal.

## BACKGROUND

On October 16, 2017, Paulsen sued the Jefferson County Sheriff's Department and the Colorado Department of Corrections under 42 U.S.C. § 1983. He alleged that Jefferson County Jail and Buena Vista Correctional Facility personnel violated his Fifth, Eighth, and Fourteenth Amendment rights "by transferring him unlawfully . . . to a prison facility" where he "suffered bodily injury" when he was a pre-trial detainee. R. at 8. He included a statement in his complaint requesting leave to proceed IFP.

On October 17, 2017, a magistrate judge ordered Paulsen to file his IFP motion on the court-approved "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to

---

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But this liberal treatment has limits. Though we can make allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," we can't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

28 U.S.C. § 1915" form, or alternatively, to prepay the $400 district court filing fee. *Id.* at 27. Instead of filing his IFP motion on the form as directed, he submitted his inmate-savings account statements and a note authorizing the court to withdraw the filing fee from his account.

On November 27, 2017, the district court dismissed Paulsen's complaint without prejudice for failing to file the required form. The district court noted that Paulsen had "filed previous actions in" the court and that Paulsen "is aware that he is required to submit" the appropriate IFP forms. *Id.* at 28. The district court preemptively denied any attempt by Paulsen to proceed IFP on appeal, noting that any such appeal wouldn't be taken in good faith.

Paulsen now appeals the district court's dismissal of his complaint.

## DISCUSSION

We review a district court's dismissal without prejudice of a prisoner's complaint for failure to file an IFP motion on a court-approved form for an abuse of discretion. *Cf. Montana*, 212 F. App'x at 773 (reviewing for an abuse of discretion a district court's dismissal without prejudice of a prisoner's complaint because prisoner failed to provide account statements with IFP motion).

Here, the district court didn't abuse its discretion. Paulsen was aware of the IFP form requirements and the district court gave him ample opportunity to cure the deficiency. He didn't. So we affirm the district court.

Paulsen now moves to proceed IFP on appeal. To do so, he must show (1) a financial inability to prepay the required $505 appellate filing fee, and (2) that he has

3

forwarded a "reasoned, nonfrivolous argument on the law and facts in support" of his appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Having reviewed Paulsen's inmate-savings account statements, we see that he can't afford to prepay the $505 appellate filing fee. But in his brief on appeal, Paulsen acknowledges his error in not filing the required IFP forms in the district court. So Paulsen hasn't forwarded a nonfrivolous argument for his appeal, and we deny his IFP motion. We order the immediate payment of the unpaid balance due.

## CONCLUSION

We affirm the district court's judgment and deny Paulsen's motion to proceed IFP on appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge