FILED
United States Court of Appeals
Tenth Circuit

**April 7, 2008**

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

VINCENT GEORGE KOURIS,

     Plaintiff-Appellant,

v.

JUDGE RICHARD THOMAS
GURLEY, 21st Judicial District, Mesa
County; JUDGE AMANDA BAILEY,
21st Judicial District, Mesa County;
DA PETE HATZINGER, District
Attorney's Office, 21st Judicial
District; DA MARK HAND &
COMPLETE STAFF, District
Attorney's Office, 21st Judicial
District; MR. WILSON, Office of the
Colorado State Public Defender;
FRANCIS BROWN, Office of the
Colorado State Public Defender;
STEVE COLVIN AND COMPLETE
STAFF, Office of the Colorado State
Public Defender; GOVERNOR BILL
RITTER, For Colorado Department of
Corrections; SGT. NORA KURTZ,
Arkansas Valley Correctional Facility
Mail Room; MAJOR JARAMILLO &
COMPLETE STAFF, Arkansas Valley
Correctional Facility Mail Room;
ASS. WARDEN TREVOR
WILLIAMS, Arkansas Valley
Correctional Facility; JOHN
SUTHERS, Colorado Attorney
General; ALBERTO GONZALES,
U.S. Attorney General; UNITED
STATES DEPARTMENT OF
JUSTICE, WASHINGTON, D.C.;

No. 07-1293
(D.C. No. 07-cv-00772-ZLW)
(D. Colo.)

ALLEN STANLEY AND COMPLETE STAFF, Colorado State Board of Parole; JEANEEN MILLER, Colorado Department of Corrections, Division of Adult Parole and Community Corrections; JOHN DOE & JANE DOE 1-100; OFFICER MORENO, Grand Junction Police Dept.

     Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Vincent George Kouris, appearing pro se,[1] appeals the district court's dismissal of his 42 U.S.C. § 1983 claim for failure to pay the assessed partial filing fee. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the following reasons, we **AFFIRM** the district court's order of dismissal.

---

[*]      This Order and Judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. It may be cited however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Kouris is proceeding pro se, we review his pleadings and filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

# I. BACKGROUND

Mr. Kouris, who is incarcerated in Colorado, filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983 against various judicial, prison, and other state and local government officials.  He sought leave to proceed in forma pauperis ("IFP") before the district court under 28 U.S.C. § 1915.  On May 18, 2007, the district court granted his § 1915 motion and ordered Mr. Kouris to pay the full amount of the $350 filing fee in installments and to pay the initial filing fee of $1 within 30 days or to show cause why he could not pay the fee.  The district court warned Mr. Kouris that failure to pay the initial partial filing fee would result in dismissal of his claim.  Mr. Kouris failed to pay the $1 initial partial filing fee, and on June 29, 2007, the district court dismissed his claim without prejudice.

On July 10, 2007, Mr. Kouris filed a notice of appeal of the district court's dismissal of his claim.  In addition to stating his intent to appeal, Mr. Kouris claimed that he had filed paperwork indicating he had no assets and that the Department of Corrections had impeded both his letter to the court on that matter and his money order.  The district court, liberally construing his filing, considered it to be a motion to reconsider because of those additional statements provided by Mr. Kouris.  Because his notice of appeal came within ten days of the district court's dismissal order, the district court considered his motion under Fed. R. Civ. P. 59.

The district court found that Mr. Kouris had filed a document on June 25, 2007, in which he claimed that he had tried to send a money order to the Court but it was held by prison officials from May 20, 2007, until June 18, 2007. However, the district court noted that this filing was not signed by Mr. Kouris until June 20, 2007, and it included an account statement indicating he had sufficient funds to pay the $1 fee at that time. Furthermore, the district court stated that Mr. Kouris did not assert that the money order was held beyond June 18, 2007, and the court had never received his payment—either prior to the June 29, 2007, dismissal or at any time prior to its decision on his motion for reconsideration. Accordingly, the district court concluded that Mr. Kouris failed to submit his $1 partial filing fee or provide a certified copy of his account statement indicating that he had insufficient funds.

After considering his explanation regarding his failure to pay the partial fee and identifying the grounds that would justify reconsideration, the district court concluded that Mr. Kouris failed to "demonstrate some reason why the Court should reconsider and vacate the order to dismiss the action" and, consequently, denied the motion to reconsider. R., Vol. I, Doc. 12, at 3 (Dist. Ct. Order, dated July 27, 2007). In so doing, the district court explained that it was dismissing both Mr. Kouris's complaint and his action and that Mr. Kouris could only pursue his claims by filing a new lawsuit. Mr. Kouris now appeals.

## II. DISCUSSION

The standard of review of a district court's dismissal of a claim for failure to comply with a court order to pay a filing fee is abuse of discretion. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). There exists an abuse of discretion when "the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1174 (10th Cir. 2001) (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994)).

We find the district court did not abuse its discretion in this case. On May 18, 2007, the district court established a reasonable initial partial filing fee of $1 and provided notice to Mr. Kouris that the filing fee was due within 30 days of the order or the claim would be dismissed. Mr. Kouris failed to comply with the court order, and on June 29, 2007, more than 30 days after the initial order, the district court dismissed his claims. Furthermore, when the district court construed Mr. Kouris's notice of appeal as a motion to reconsider, it considered his explanation for his failure to comply: that prison officials held his money order until June 18, 2007. Its conclusion that he did not provide adequate justification for failing to comply with the initial order, particularly in light of never having received the money order after June 18, did not exceed the bounds of permissible choice under the circumstances. Consequently, the district court acted within its discretion in dismissing Mr. Kouris's claim.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Kouris's claim for failure to pay the initial filing fee.

We also **GRANT** Mr. Kouris's request for leave to proceed without prepayment of the appellate filing fee. Although Mr. Kouris has made partial payments toward his filing fee, we remind him of his continuing obligation to make such payments until the entire fee has been paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge