**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN E. HILL,

      Plaintiff - Appellant,

v.

FORT LEAVENWORTH
DISCIPLINARY BARRACKS; FNU
LNU, three unknown soldiers,

      Defendants - Appellees.

No. 16-3097
(D.C. No. 5:15-CV-03256-SAC-DJW)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

    Steven E. Hill, a prisoner currently in federal custody and proceeding pro se, appeals the district court's dismissal of his complaint, in which he claims he was mistreated by soldiers at Fort Leavenworth while being transported for medical care. The district court dismissed the complaint without prejudice after Mr. Hill failed to comply with the district court's order to pay an initial partial filing fee, as required by the Prison Litigation Reform Act (PLRA). We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

On November 12, 2015, Mr. Hill filed a complaint in the United States District Court for the District of Kansas against Fort Leavenworth and three unknown soldiers (collectively, Defendants). In his complaint, he alleges the Defendants were negligent and recklessly disregarded his safety and welfare as a prisoner when they drove erratically while transporting him for medical care. In filing his complaint, Mr. Hill failed to pay the filing fee or to use the correct forms. The district court granted Mr. Hill leave to correct the deficiencies and notified him that the case would be dismissed if they were not corrected by December 14, 2015. On November 23, 2015, Mr. Hill filed using the correct forms, and he also submitted a motion for leave to proceed in forma pauperis (IFP). In conjunction with his IFP motion, he submitted his prisoner account statement, which showed a balance of over $124.

On March 31, 2016, a magistrate judge granted Mr. Hill's IFP motion and provided him fourteen days (until April 14, 2016) to pay the initial $16.50 filing fee or risk dismissal without further notice. On April 11, 2016, Mr. Hill filed a "Motion to Proceed Indigent," explaining that his prison account was "below $10.00" and that he did not know when his pay would increase to the amount necessary to pay the filing fee. Mr. Hill attached no evidence to support this motion, and he failed to pay the $16.50 partial filing fee by the April 14 deadline.

On April 22, 2016, the district court dismissed his case without prejudice. The court found his allegations of indigence insufficient, particularly since Mr. Hill did not provide further evidence of his inability to pay, and because his previous account

2

statement showed regular deposits and a balance of over $124. Mr. Hill timely appealed. Shortly after filing his notice of appeal, Mr. Hill paid his initial partial filing fee with the district court. He also filed a motion for leave to proceed IFP on appeal, which the district court denied. In support of his motion, Mr. Hill filed an affidavit explaining that he could not pay his initial partial filing fee at the time because he had sent the money to his family or spent it on his own "comforts."

Pursuant to Federal Rule of Appellate Procedure 24(a)(5), Mr. Hill then filed a motion to proceed IFP on appeal with this court. This court deferred ruling on the motion but directed Mr. Hill to pay the $505.00 appellate docketing fee with the district court, in partial payments pursuant to 28 U.S.C. § 1915(b), each time his account balance exceeds $10.00. We have jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

On appeal, Mr. Hill raises several arguments that are tangential to the central question here, which is whether the district court properly dismissed the suit without prejudice.[1] We believe it did. Despite warnings from the district court, Mr. Hill failed to pay the statutorily mandated filing fee and failed to otherwise establish his inability to pay. The district court therefore did not abuse its discretion in dismissing the suit without prejudice, and we affirm.

---

[1] After filing his opening brief on appeal, Mr. Hill filed a "Motion for Summ[a]ry Judgment" with the district court. Because the district court had already dismissed Mr. Hill's case, it advised him to pursue his arguments in this court. Ten days later, Mr. Hill re-filed the summary judgment motion in this court, in which he argues the merits of his claims. Because we affirm the district court's decision dismissing the case, we do not address Mr. Hill's summary judgment motion.

3

Federal Rule of Civil Procedure 41(b) provides that district courts may dismiss an action if a plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or a court order." And "[w]e review for abuse of discretion a district court's dismissal for failure to comply with a court order." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Moreover, when a dismissal under Rule 41(b) is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Here, the district court ordered Mr. Hill to pay an initial partial filing fee as mandated by the PLRA. The PLRA provides that "indigent prisoners need not pay federal court filing fees in full prior to initiating litigation or an appeal," but they must make monthly partial payments to satisfy the fee, and "[t]he amount of the initial payment depends on the average deposits to and balance in the prisoner's inmate account." *Cosby*, 351 F.3d at 1326. Specifically, the PLRA provides that prisoners must pay an initial partial filing fee of "20 percent of the greater of--(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). The district court in this case imposed a fee of $16.50, the calculation of which Mr. Hill does not challenge on appeal.

Instead, Mr. Hill stresses that he "did not have the money at that time," and that the court ignored his demand "to be notified a[t] least a month before the need" to pay. But as we explained in *Cosby*,

> when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments. If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action. In addition, if a court order requires partial payments, the Federal Rules of Civil Procedure allow a district court to dismiss the action for failure to comply with the order.

351 F.3d at 1327 (citation omitted). It is true that Mr. Hill lacked sufficient funds to pay the partial initial filing fee on the day his "Motion to Proceed Indigent" was filed, but he received a deposit the very next day bringing his account balance to nearly $100.00. And deposits for roughly the same amount were made regularly each month to his account. Mr. Hill may very well have prioritized the need for "comforts" over his obligation to pay the $16.50 filing fee, but this of course does not excuse his failure to comply with the district court's order. Indeed, Mr. Hill chose those comforts over the ability to pursue his litigation. *See Cosby*, 351 F.3d at 1327 (explaining that the PLRA's fee provisions are specifically intended to "reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees" (internal quotation marks omitted)). We therefore affirm the district court's dismissal without prejudice.

We also deny Mr. Hill's request to proceed IFP on appeal. "To qualify for *in forma pauperis* status, a petitioner must show 'a financial inability to pay the required

5

fees' and 'a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *Scott v. Milyard*, 350 F. App'x 213, 216 (10th Cir. 2009) (unpublished) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). The district court denied Mr. Hill's motion to proceed IFP on appeal because he failed to present a reasoned, nonfrivolous argument challenging the district court's dismissal of his suit on procedural grounds. For the same reason, we deny his renewed IFP motion before this court on appeal.

### III.  CONCLUSION

We DENY the motion to proceed IFP and DISMISS the appeal. We advise Mr. Hill that he is responsible for the immediate payment of the unpaid balance of his appellate filing fee.

Entered for the Court


Carolyn B. McHugh
Circuit Judge