## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

RODOLFO RODRIGUEZ,

　　Plaintiff - Appellant,

v.

AMTRAK; J. PERRY; C. CHAVEZ,

　　Defendants - Appellees.

No. 20-2053
(D.C. No. 1:19-CV-00111-MV-SMV)
(D.N.M.)

_____

## ORDER AND JUDGMENT*

_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.**

_____

Pro se[1] plaintiff Rodolfo Rodriguez, a federal inmate, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint for failure to pay filing fees.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.  We also grant

Rodriguez's motion to proceed *in forma pauperis*.

---

\* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

\*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

[1] Because Rodriguez is proceeding pro se, we liberally construe his
filings.  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  That said,
liberally construing a pro se filing does not include supplying additional factual
allegations or constructing a legal theory on the appellant's behalf.  *Whitney v. New
Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

# I.

Rodolfo Rodriguez is a federal inmate incarcerated in the Torrance County Detention Facility in Estancia, New Mexico. On February 8, 2019, Rodriguez filed this suit against Amtrak and certain DEA agents alleging infringement of his Fourth and Fourteenth Amendment rights. Rodriguez's complaint challenges the circumstances of his arrest for heroin possession with intent to distribute, which occurred while he was aboard an Amtrak train.

On July 2, 2019, the magistrate judge granted Rodriguez's motion to proceed *in forma pauperis* and ordered Rodriguez to make periodic payments of $15.76 toward the filing fee. The first payment of $15.76 was due no later than August 1, 2019, and the magistrate judge alerted Rodriguez that his suit could be dismissed if he did not make the payment by that deadline. Rodriguez failed to make this payment or show cause as to why he could not pay. Instead, he petitioned the district court a second time for leave to appear *in forma pauperis*. The magistrate judge dismissed this second petition on March 3, 2020, noting Rodriguez already had leave to appear *in forma pauperis*.

On April 17, 2020, because Rodriguez still had not made the required payment of $15.76 or shown cause as to why he could not, the district court dismissed his case without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. On May 20, 2020, the district court received a $16.00 partial filing fee payment from Rodriguez.

## II.

Under the Prison Litigation Reform Act, an indigent inmate appearing *in forma pauperis* need not prepay federal court filing fees but may be ordered by the court to make partial payments toward the filing fee. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003); 28 U.S.C.A. § 1915. When a district court requires partial payments and the plaintiff has the means to make them but does not do so, the court may dismiss the complaint for failure to comply with its order. *Cosby*, 351 F.3d at 1327. Even if a plaintiff eventually pays the overdue fee, the court still has the authority to dismiss the complaint without prejudice. *Love v. Werholtz*, 113 F. App'x 362, 363 (10th Cir. 2004).

Before dismissing a complaint without prejudice for failure to comply with a court order, a court should ordinarily consider the factors outlined by *Ehrenhaus v. Reynolds*: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted); *see also Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1994) (holding the *Ehrenhaus* factors apply to Rule 41(b) involuntary dismissals).

We review a district court's dismissal for failure to comply with a court order for abuse of discretion. *Cosby*, 351 F.3d at 1326. A district court abuses its discretion when it "makes a clear error of judgment or exceed[s] the bounds of

3

permissible choice in the circumstances." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (internal citations omitted).

## III.

We conclude that the district court did not abuse its discretion in dismissing Rodriguez's claim for nonpayment. On appeal, Rodriguez primarily reiterates the merits of his case and never disputes that he failed to pay the filing fee by the August 19, 2019, deadline. Instead, Rodriguez argues that he failed to pay the filing fee on time because his mail had been delayed due to a change in his place of incarceration. R. at 173. He claims that this prevented him from receiving notice of his case's pending dismissal until after it was already dismissed. *Id.* Rodriguez's argument is unpersuasive, however, because he did not file a change of address with the court until February 11, 2020—six months after payment was due. *Id.* at 2–3, 158; *see* Fed. R. Civ. P. 5(b)(2)(C). While Rodriguez did eventually make a partial payment, it was nine months overdue. *See Love*, 113 F. App'x at 364 (affirming the district court's Rule 41(b) dismissal where the plaintiff "eventually paid the $24.00 fee . . . five months too late").

Furthermore, we agree with the district court that the *Ehrenhaus* factors weigh in favor of dismissal. *Ehrenhaus*, 965 F.2d at 921. Although the first factor—the degree of prejudice to the defendants—weighs against dismissal because the defendants had not been served and the court had not completed screening, this does not overcome the weight of the other four factors. *See Cosby*, 351 F.3d at 1333; *see*

4

*also Garcia v. Berkshire Life Ins. Co. Of Am.*, 569 F.3d 1174, 1182 (10th Cir. 2009) (upholding dismissal when most, but not all the *Ehrenhaus* factors were met).

With respect to the second factor, Rodriguez's nonpayment hindered the ability of the court to move forward on his case. As to the third factor, Rodriguez neither paid nor provided a valid reason for his failure to pay the fee for over nine months. As to the fourth factor, Rodriguez was repeatedly warned that he must pay the fees and still failed to do so. Finally, as to the fifth factor, the district court was within its discretion in concluding Rodriguez would not have complied with lesser sanctions such as fines.

In sum, because Rodriguez did not make the required payment until nine months after the deadline—once his case had already been dismissed—and he provided no justification for his nonpayment, the district court did not abuse its discretion in dismissing his complaint. *See Kouris v. Gurley*, 272 F. App'x 724, 726 (10th Cir. 2008).

## IV.

For these reasons, we hold that the district court did not abuse its discretion in dismissing Rodriguez's complaint for nonpayment. We therefore AFFIRM the judgment of the district court. We also grant Rodriguez's motion to proceed *in forma*

*pauperis* and remind him of his obligation under § 1915(b) to make payments until the appellate filing fee is paid in full.

Entered for the Court

Allison H. Eid
Circuit Judge