FILED
United States Court of Appeals
Tenth Circuit

July 20, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD C. BUTLER,

     Plaintiff - Appellant,

v.

STATE OF KANSAS; SHERRI L.
BECKER,

     Defendants - Appellees.

No. 20-3139
(D.C. No. 5:19-CV-03214-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.

---

Mr. Richard Butler, proceeding pro se,[1] appeals the district court's

dismissal of his § 1983 action for failure to pay the initial partial filing fee.  In

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Butler appears pro se, we construe his filings liberally, but do not "assume the role of advocate."  *See United States v. Parker,* 720 F.3d 781, 784 n.1 (10th Cir. 2013).

addition to his appeal, he filed four motions before us, along with an application to proceed *in forma pauperis* ("IFP"). Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's judgment dismissing Mr. Butler's action without prejudice, and, having concluded that Mr. Butler has not presented a reasoned, nonfrivolous argument in support of his appeal, **deny** his IFP motion. We consequently **deny as moot** Mr. Butler's four motions.

## I

Mr. Butler is currently incarcerated at El Dorado Correctional Facility in Kansas after being convicted of a variety of offenses, including rape, aggravated criminal sodomy, aggravated kidnapping, assault, and damage to property. Underlying this appeal is Mr. Butler's § 1983 action, which he filed when he was a Kansas state pretrial detainee. Mr. Butler's complaint asserts several claims related to his state criminal prosecution, naming as defendants the State of Kansas and Ms. Sherri Becker, the state prosecutor. By order dated November 20, 2019, the district court granted Mr. Butler's motion to proceed IFP under 28 U.S.C. § 1915(a)(1). Notwithstanding his IFP status, Mr. Butler ultimately was responsible for paying the full filing fee, and he was obliged to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). In that regard, the district court, relying on § 1915(b)(1), assessed an initial partial filing fee of $15.00 and notified Mr. Butler that failure to pay the initial partial filing fee within 14 days

2

may result in the dismissal of his case without further notice.  The district court's

order also informed Mr. Butler of his continuing obligation to pay, through

monthly installments, the remainder of the filing fee, pursuant to § 1915(b)(2).

On December 2, 2019, Mr. Butler requested an extension of time to pay the

initial $15.00 filing fee.  However, even four months after his extension request,

Mr. Butler had not paid the initial filing fee.  Consequently, on April 28, 2020,

the district court dismissed his § 1983 action without prejudice.  That same day,

the court entered its judgment by separate order.

On July 10, 2020, more than 30 days after the district court's dismissal and

entry of its judgment, Mr. Butler filed his pro se notice of appeal.  Notably, in a

civil case in which the United States is not a party, a notice of appeal must be

filed within 30 days following entry of the judgment.  *See* 28 U.S.C. § 2107(a);

FED. R. APP. P. 4(a)(1)(A).  Along with his notice of appeal, Mr. Butler filed a

self-styled "Motion to Object to Judgment in a Civil Case of Dismiss[al],"

objecting to the district court's judgment and explaining that he had just received

notice of the judgment.  R. at 34 (Pet.'s Mot. to Object to J., dated Jul. 10, 2020).

Soon after this initial motion, Mr. Butler filed, on separate dates, two additional

motions addressing his appeal's untimeliness—a July 17 motion objecting to the

district court's order and an August 31 motion requesting an extension of time to

file his appeal.  Specifically, he asserted in both motions that, due to

3

circumstances related to his confinement at Atchison County Jail, he had not received notice of the dismissal until July 2, 2020. Moreover, he asserted in his July 17 motion that he would have paid the initial $15.00 filing fee had he received his mail.

Appellate courts do not have discretion to allow an untimely appeal to proceed; timely filing of a notice of appeal in a civil case is both mandatory and jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). However, the district court may reopen the time to file an appeal of a judgment or order when a party has not received notice of the entry of the judgment or order, if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." FED. R. APP. P. 4(a)(6)(B). Accordingly, on October 8, 2020, because the district court had not yet considered whether Mr. Butler's July 17 or August 31 motions should be construed as a motion to reopen the time to file an appeal under Rule 4(a)(6), and, if so, whether such relief was warranted, a panel of our Court abated the appeal and remanded the matter to the district court for its consideration of the motions under Rule 4(a)(6).[2] Moreover, the panel directed Mr. Butler—upon the district court's

---

[2]     The panel's order did not address Mr. Butler's initial July 10 motion objecting to the district court's judgment.

consideration and action on the motions—to immediately file written notice with this Court and attach a copy of the district court's decision to the notice. After the panel's order was filed, but prior to the district court's consideration of the specified motions, Mr. Butler filed an October 14 motion requesting the district court reopen his case.

On October 22, 2020, the district court considered whether any of Mr. Butler's four post-dismissal motions should be construed as a motion to reopen the time to file an appeal under Rule 4(a)(6). First, in addressing Mr. Butler's July 17 motion, the district court rejected Mr. Butler's assertion that he would have paid his initial partial filing fee had he received his mail, noting that "[he] clearly received the order and was aware of the fee assessment because he filed a motion for an extension of time to pay . . . on December 2, 2019." R. at 83 (Dist. Ct.'s Order Considering Pet.'s Post–Dismissal Mots., dated Oct. 22, 2020).

The court also stressed the nearly five-month period of nonpayment between Mr. Butler's December 2 motion and its dismissal of his action. Accordingly, the district court refused to construe Mr. Butler's July 17 motion as a motion to reopen the time to file an appeal, and to the extent that motion could be construed as seeking relief from judgment under Federal Rule of Civil Procedure 60(b), the court denied the motion. *See id.* at 82–83. Next, addressing Mr. Butler's August 31 and October 14 motions in tandem, the court noted that

neither was filed within fourteen days of Mr. Butler's receipt of notice, nor did either ask the court to reopen the time to appeal. *Id.* at 84. The district court thus declined to construe either motion as a motion to reopen the time to file an appeal. *Id.*

However, as to Mr. Butler's July 10 motion (which the court noted was previously "docketed as an objection"), upon consideration of Mr. Butler's pro se status and a finding that no party would be prejudiced by reopening the time to appeal, the district court construed that filing as a motion to reopen the time to file an appeal under Rule 4(a)(6). *Id.* at 84–85. To that end, the court noted that Mr. Butler's July 10 motion asked the court to allow his appeal to proceed despite its untimeliness and was filed within fourteen days of his receipt of notice of the judgment. *Id.* at 85.

The district court's order also granted Mr. Butler's motion for leave to proceed IFP on appeal, noting that Mr. Butler "was granted leave to proceed [IFP] at the commencement of the action." *Id.* But because the district court's order did not assess partial payments as required by 28 U.S.C. § 1915(b)(1), our Clerk of Court required Butler to file a renewed application to proceed without prepayment of fees. That motion—along with a few others—is pending before us in this appeal.

6

Specifically, during the pendency of this appeal, Mr. Butler wrote to the Court four times, filing his self-captioned "Motion [to] Admit [ ] Evidence [1]," "Motion to Admit Evidence [2]," "Motion Letter of Postponeing [sic]," and "Motion [for] Abeyance (Letter)." The two motions to admit evidence together contain Mr. Butler's request to admit evidence concerning the merits of his § 1983 action. Mr. Butler's motion to postpone and motion for abeyance together contain a request "to postpone any filed motions, due to the fact of furthering helping [sic] [him] prove [his] innocence and to exploit the injustice of the Atchison County Kansas Justice system, all to help furthering [his] defense and to bring more light to [his] case to exalt my appeal process." Mot. to Postpone at 1, filed Jan. 25, 2021; *see also* Mot. for Abeyance at 1, filed Feb. 1, 2021 ("I write to ask can I ABEYANCE [sic] my case?"). In any event, Mr. Butler explicitly states that he "allow[s] the [Court] to keep taking my filing fee from my prison account every month . . . . until the filing fees are paid in full." Mot. to Postpone at 1–2. These four motions, along with his motion to proceed IFP, are all before us now.

## II

Federal Rule of Civil Procedure 41(b) provides that district courts may dismiss an action where a plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); *see also Cosby v.*

7

*Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action."). We review a district court's dismissal of a claim for failure to comply with a court order to pay a filing fee for abuse of discretion. *Cosby*, 351 F.3d at 1326. "An abuse of discretion will be found only where the trial court makes 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994) (quoting *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991)). More specifically, "[w]hen dismissing a case [under Rule 41(b)] without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs. Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

"[W]hen we have upheld dismissals . . . for a prisoner's failure to pay fees, the district court has generally conducted the inquiry necessary to determine that the failure is attributable to the prisoner's negligence or misconduct rather than circumstances beyond his control." *Sandoval v. New Mexico*, 576 F. App'x 784, 787 (10th Cir. 2014) (unpublished); *cf. Hill v. Fort Leavenworth Disciplinary Barracks*, 660 F. App'x 623, 625 (10th Cir. 2016) (unpublished) (upholding dismissal where, "[d]espite warnings from the district court, [the plaintiff] failed

8

to pay the statutorily mandated filing fee and failed to otherwise establish his inability to pay"); *Kouris v. Gurley*, 272 F. App'x 724, 726 (10th Cir. 2008) (unpublished) (upholding dismissal where the plaintiff claimed prison officials had refused to process his payments for a certain period of time but the court did not receive a payment even *after* that period had expired); *Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001) (unpublished) (upholding dismissal where plaintiff had spent the required funds at the prison commissary).

### III

### A

On appeal, Mr. Butler must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). But he wholly fails to explain why the district court's dismissal was error—i.e., why the court should not have dismissed the action due to Mr. Butler's failure to pay the partial filing fee. In his opening brief, Mr. Butler does not mention let alone meaningfully discuss his failure to pay the partial filing fee. *See* Aplt.'s Opening Br. at 1–17. Instead, he homes in on the merits of his § 1983 action. But the merits were not the basis of the district court's dismissal without prejudice, and are not at issue here.

Mr. Butler's "failure to explain why the district court's order was wrong waives any argument for reversal." *Dease v. Webb*, 791 F. App'x 744, 746 (10th

Cir. 2019) (unpublished) (citing *Utah Env't Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006)); *see Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) ("Because the appellant comes to the court of appeals as the challenger, he bears the burden of demonstrating the alleged error and the precise relief sought.  A court of appeals is not required to manufacture an appellant's 'argument on appeal when it has failed in its burden to draw our attention to the error below.'" (citations omitted) (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1244 (10th Cir. 1989))).  Indeed, it is well-established that we have the discretion to deem any challenge under these circumstances to a district court's order waived.  *See, e.g.*, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

This principle applies equally to pro se appellants.  *See, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,'. . . '[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" (first quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); and then quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.

1994))); *cf. United States v. Banks*, 884 F.3d 998, 1024 (10th Cir. 2018) ("We aren't required to fill in the blanks of a litigant's inadequate brief.").

Thus, we conclude that Mr. Butler's challenge as to the district court's dismissal of his § 1983 action for failure to pay a partial filing fee is "insufficiently raised" and therefore waived. *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007); *see Garrett*, 425 F.3d at 840 ("[Pro se] Plaintiff's briefs are wholly inadequate to preserve issues for review. . . . [T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." (citations omitted)); *see also Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) ("Nowhere do Plaintiffs state the standards applicable to the grant of injunctive relief and explain why the facts and the law support that remedy in this case. Issues not adequately briefed will not be considered on appeal.").

## B

Mr. Butler's motion to proceed IFP also is before us. The federal IFP statute authorizes courts to permit an IFP action without full prepayment of fees; it requires the prisoner instead to pay only an initial partial filing fee and monthly payments towards satisfaction of the full filing fee. *See* 28 U.S.C. § 1915(a)–(b). "In order to succeed on his [IFP] motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned,

11

nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Butler cannot satisfy this standard: he fails to present a nonfrivolous argument here. In particular, as we have discussed, Mr. Butler utterly fails to engage with the district court's reason for dismissing his § 1983 action. Accordingly, we deny Mr. Butler's motion to proceed IFP.

## IV

For the foregoing reasons, we **AFFIRM** the district court's judgment dismissing Mr. Butler's action without prejudice, and, having concluded that Mr. Butler has not presented a reasoned, nonfrivolous argument in support of his appeal, **DENY** his IFP motion and **ORDER** immediate payment of the unpaid balance due. Based on this disposition, we **DENY AS MOOT** Mr. Butler's four motions.[3]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[3] Recall that those motions were the following: Mr. Butler's self-captioned Motion to Admit Evidence [1], Motion to Admit Evidence [2], Motion to Postpone, and Motion for Abeyance.